**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VICTOR CASANOVA, | : | Civil No.  09-3754 (RBK) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| P. SCHULTZ, | : |  |
| Respondent. | : |  |

**APPEARANCES**:

    VICTOR CASANOVA, Petitioner pro se
    # 11722-014
    U.S. Penitentiary
    P.O. Box 1000
    Lewisburg, Pennsylvania 17837

**KUGLER, District Judge**

    Petitioner, Victor Casanova ("Casanova"), presently confined at the U.S. Penitentiary in Lewisburg, Pennsylvania, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), challenging his security classification and transfer to a higher security prison.  The named respondent is the Warden at FCI Fairton, where Casanova was confined at the time he filed his habeas petition.  This Court has reviewed the numerous letter and pleadings submitted by Casanova, and for the reasons stated below, finds that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Casanova challenges his transfer and an allegedly improper custody level classification. In his initial "petition", he states that the respondent violated his due process rights by improperly designating Casanova as a gang member and transferring him to a facility used to house gang members. (Petition, p. 1).

Casanova alleges that, on October 4, 2008, during a random cell search, two containers of intoxicants were found in petitioner's cell, which he shared with another inmate. Both Casanova and his cell mate were given a disciplinary report and placed in segregation pending a disciplinary hearing. While Casanova was in segregation, another cell search was conducted and a cell phone was discovered in the air vent in petitioner's cell. Both Casanova and his cell mate were given another disciplinary report. (Pet., p. 1).

Casanova states that his cell mate signed an affidavit taking full responsibility for the contraband found in their cell. Nevertheless, Casanova was found guilty on the disciplinary charges and spent six months in segregation. During that time, the cell phone was sent to the FBI to see if it had been used by Casanova. At the conclusion of the FBI's investigation, Casanova was released into the general population and his cell mate was shipped elsewhere on a disciplinary transfer. (Pet., pp. 1-2).

Casanova alleges that after he was returned to general population, he continued to file grievances with administration regarding the disciplinary findings. He learned that he was placed for an unwanted transfer for closer supervision. On July 9, 2009, Casanova was returned to segregation, pending his transfer to a special management unit. Casanova appears to allege that the transfer was requested in retaliation for his filing grievances. (Pet., p. 2). Casanova claims that he does not have a history of disciplinary problems, but ever since he filed a grievance, he has been a "target." In his initial pleading, Casanova seeks relief from being transferred to another facility away from his family, and asks that this and other retaliation by the administration be stopped. He also complains that he has limited access to the law library while he is in segregation. (Pet., pp. 3-4).

On October 7, 2009, Casanova filed a motion for appointment of counsel. He did not submit any affidavit of indigency. (Docket entry no. 4).

In a letter dated October 22, 2009, and received by the Clerk's Office on October 26, 2009, Casanova informs the Court that he is scheduled for a transfer to a facility used to house hostile gang members based on a 2007 incident. In 2007, Casanova was confined at the U.S. Penitentiary in Canaan, PA. A big fight had erupted between rival gangs in the gymnasium, and the

investigating officer had placed Casanova at the scene. Casanova disputes this accusation, claiming that he was in his housing unit at the time, and has never been involved in any gang activity or with any gang members. He now asks that the investigative records and surveillance tapes be subpoenaed to prove his innocence. (Docket entry no. 5).

On December 3, 2009, Casanova again wrote to this Court to inform that he had been transferred to the USP in Lewisburg, PA. He complains that his custody classification level was raised from medium to the super maximum custody level. He seeks to amend his habeas petition to challenge his classification and to gain access to his personal property, which contains his legal materials. (Docket entry no. 9).

On December 13, 2009, Casanova again wrote to this Court. He complains that prison officials are interfering with his legal mail by opening it outside of his presence on two occasions in December 2009. He seeks court assistance in stopping this interference with his mail. (Docket entry no. 10). Casanova also requests a court order to obtain his personal property, which contains his legal materials, and which has not been sent to him after his transfer to USP Lewisburg. (Docket entry nos. 11 and 12).

## II.  ANALYSIS

A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Casanova brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  <u>Lack of Jurisdiction</u>

A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, <u>Muhammad v. Close</u>, 540 U.S. 749 (2004) and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).  <u>See</u> <u>also</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  <u>See</u> <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-86 (3d Cir. 2001); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  <u>See</u>, <u>e.g.</u>, <u>Graham v. Broglin</u>, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, Casanova's challenge regarding his transfer and custody level classification does not affect the fact or the length of his incarceration.  Consequently, habeas relief is unavailable to him.  <u>See</u> <u>Ganim v. Federal Bureau of Prisons</u>, 235 Fed. Appx. 882, 884 (3d Cir. 2007)(holding that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not

6

cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). For example, in Bronson, petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit. See Bronson, 56 Fed. Appx. at 552. The court of appeals rejected petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of petitioner's incarceration would not be affected. See id. at 554.

Also, in Jamieson v. Robinson, the Third Circuit noted that the relief requested by petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement." 641 F.2d 138, 141 (3d Cir. 1981). The Third Circuit followed United States Supreme

7

Court precedent in Preiser, to note that the district court was incorrect in finding that petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  Nevertheless, the court of appeals found that despite this error, petitioner's claims were subject to dismissal.  See id.

In the present case, Casanova's claims plainly involve conditions of prison life, not the fact or duration of his incarceration.  For instance, he challenges his prison transfer and his custody level classification, as well as alleging complaints of retaliation, interference with his legal mail, loss of personal property, and restrictions on access to the law library.  These claims are more properly brought in an action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, or in a civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

---

[1] To the extent that Casanova argues that his classification deprives him of liberty without due process in violation of the Fifth Amendment, his claims would appear to be without merit.  See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials, see 18 U.S.C. § 4081, and thus implicate "no

Therefore, upon careful review of the petition as discussed above, this Court concludes that Casanova does not seek speedier or immediate release from custody, nor does he challenge the legality of his present incarceration. Rather, Casanova simply disputes his custody level classification and his transfer to a higher security level facility, which are challenges to the conditions of his confinement. All of these challenges, including his recent complaints concerning alleged interference with his mail, restrictions on access to the law library, and deprivation of personal property, are appropriately remedied in a civil rights action under <u>Bivens</u>. Consequently, the petition will be dismissed without prejudice to any right Casanova may

---

legitimate statutory or constitutional entitlement sufficient to invoke due process"); <u>Wesson v. Atlantic County Jail Facility</u>, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008)(it is well established that an inmate has no liberty interest in a particular custody level or place of confinement). <u>See</u> <u>also</u> <u>Sandin v. Connor</u>, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met). <u>See</u> <u>also</u> <u>Marti v. Nash</u>, 227 Fed. Appx. 148, 150 (3d Cir. 2007)(inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity", which prevented his placement in a minimum security facility).

have to reassert his present claim in a properly filed civil rights complaint.[2]

## CONCLUSION

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction. All motions, including the application for appointment of counsel, are dismissed as moot. An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 2, 2010

---

[2] The Court notes that this habeas petition was filed by Casanova without prepayment of the filing fee or submission of a complete application for in forma pauperis ("IFP") status. Accordingly, should Casanova decide to file a civil rights complaint in this District Court, he must either pay the $350.00 filing fee or submit a complete IFP application with his six month prison account statement, pursuant to 28 U.S.C. § 1915(a)(2).